UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RAD Wood Products, LLC, <br><br> Plaintiff <br><br> v. <br><br> Gallegos Carrocerias Gallegos SA DE CV, <br><br> Defendant. | CIVIL ACTION NO. 3:24-cv-01028-RDM |

**PLAINTIFF'S MEMORANDUM OF LAW SUPPORTING SERVICE
OF PROCESS AND IN SUPPORT OF MOTION AUTHORIZING
SERVICE UNDER FEDERAL RULE OF CIVIL PROCEDURE 4(F)(3)**

Plaintiff, RAD Wood Products, LLC ("RAD Wood" or "Plaintiff") submits this Memorandum of Law Supporting Service of Process as directed by the Court's Order of May 19, 2025 (Dkt. No. 13), and in Support of RAD Wood's Motion For an Order Authorizing Alternate Service of Process Pursuant to Federal Rule of Civil Procedure 4(f)(3).

**I.   INTRODUCTION**

This is a breach of contract action. RAD Wood supplies flooring products for use in the truck and trailer industry. In June, 2023, RAD Wood entered into an agreement with Defendant Gallegos Carrocerias ("Gallegos Carrocerias" or "Defendant") under which Defendant agreed to order a minimum amount of flooring product from RAD Wood every month for a five-year term. After a few months, Defendant breached and repudiated the agreement, failing to place any orders with RAD Wood and ignoring RAD Wood's attempts to resolve the dispute.

RAD Wood filed its Complaint in this case in June, 2024, alleging one count for breach of contract. Shortly after filing the Complaint, RAD Wood forwarded a copy of the Complaint by email to the two employees of Defendant with whom RAD Wood had interacted regarding the

1

agreement. RAD Wood then had the Complaint personally served on Defendant at its business location in Laredo, Texas.

As a matter of law, service has been properly effected in this case under Federal Rule of Civil Procedure 4(h)(1)(B), by personally serving Defendant at its location in Laredo, Texas. The agent who was served was a "legal and compliance employee of Gallegos Carrocerias" according to the sworn Affidavit of Service filed in this case. The office at which the Complaint was served is listed as a business location of Defendant on Defendant's website. The letter sent to the Court by Defendant's counsel objecting to service does not contest either that the agent who was served is an employee of Defendant, or that the location of service was one of Defendant's business locations.

The fact that the Affidavit of Service refers to service being made on Defendant "c/o Gallegos Trailers, Inc." does not negate the propriety of service. Gallegos Trailers is an affiliate or distributor of Defendant that is so intertwined with Defendant that service on Gallegos Trailers constitutes proper service on Defendant. Defendant and Gallegos Trailers share the same business locations (including the one in Laredo) and plants. The registered agent of Gallegos Trailers in Texas is also the general manager of Gallegos Carrocerias. The companies share an identical website, albeit in Spanish for Defendant and in English for Gallegos Trailers. Gallegos Trailers operates the same exact business as Defendant. Indeed, Gallegos Trailers' website directs any person with a sales inquiry to contact Gallegos Carrocerias. The two entities present themselves as one company to the public, and thus service on one company is effective on the other.

Finally, should it be necessary, RAD Wood is moving for Court approval of alternate service under Fed. R. Civ. P. 4(f)(3). Defendant is already on notice of the Complaint, and RAD Wood has made good faith efforts to serve the Complaint. It is clear that the letter submitted to the

Court by Defendant's counsel was disingenuous, contending that Defendant had no "means to review" the documents that were served without disclosing to the Court that the Laredo address was a business location of ***Defendant.*** The Complaint can be served by email on counsel for Defendant who corresponded with the Court in this case and who provided his email for future communications. Numerous courts have approved email service, and service on counsel, under Rule 4(f)(3), and such service will fully comply with Rule 4(f)(3) and due process.

## II.     PROCEDURAL BACKGROUND

RAD Wood instituted this case by filing a Complaint on June 21, 2024 in this Court. *See* Dkt. No. 1. RAD Wood's Complaint alleges one count, for breach of contract. *Id.* As discussed more fully below, the Complaint was served on an employee of Gallegos Carrocerias on August 12, 2024 at its office in Laredo, Texas. An Affidavit of Service was filed, in which a private process server stated, under penalty of perjury, that he had served the Summons and Complaint "at 101 BLUERIDGE PKWY, LAREDO, TEXAS 78045 within the county of WEBB at 1:18 P.M. on AUGUST 13, 2024, by delivering a true copy to the within named JESUS GARZA, **LEGAL & COMPLIANCE EMPLOYEE FOR GALLEGOS CARROCERIAS GALLEGOS SA DE CV** C/O GALLEGOS TRAILERS, INC." *See* Dkt. No. 4 (emphasis added.)

In addition to serving the Complaint by hand at the Laredo office, RAD Wood sent a filed copy of the Complaint by email to two employees of Gallegos Carrocerias on June 25, 2025. *See* Exhibit A attached hereto. These two employees had represented Gallegos Carrocerias in negotiating with RAD Wood regarding the Agreement in 2024 and had communicated with RAD Wood from the email addresses to which the Complaint was sent. *See* Exhibit B attached hereto. RAD Wood received an email receipt confirming that one of the employees read the June 25 email forwarding the Complaint. *See* Exhibit C hereto.

After being served, Gallegos Carrocerias failed to file an Answer or any other responsive pleading within the time period set forth in Federal Rule of Civil Procedure 12(a). RAD Wood filed for and obtained an Entry of Default from the Clerk of this Court, pursuant to Federal Rule of Civil Procedure 55(a). *See* Dkt. Nos. 5 and 6. RAD Wood served the Motion for Default on Gallegos Carrocerias by regular mail at its Laredo, Texas office, as well as by email to the same two employees who communicated with RAD Wood regarding the Agreement in 2024, and to whom the Complaint was sent by email. *See* Dkt. No. 5.

On January 7, 2025, RAD Wood filed a Motion for Default Judgment. *See* Dkt. No. 9. On January 23, 2025, an attorney not licensed in Pennsylvania submitted a letter to the Court contending that Gallegos Carrocerias had not been properly served with the Complaint. *See* Dkt. No. 10. This letter contained no verified or sworn facts. Notably, the letter from Gallegos Carrocerias' attorney did not contest the facts set forth in the Affidavit of Service, specifically that Jesus Garza is a legal and compliance employee of Gallegos Carrocerias who accepted service of the Complaint in Laredo, Texas. *Id.*

### III. ARGUMENT

#### A. Applicable Legal Standards

"[C]onstitutional due process requires that service of process be 'reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Calabro v. Leiner*, 464 F. Supp. 2d 470, 471 (E.D. Pa. 2006) (*quoting Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)). *See also Henderson v. United States*, 517 U.S. 654, 672 (1996) ("the core function of service is to supply notice of the pendency of a legal action, in a manner and at a time that affords the defendant a fair opportunity to answer the complaint and present defenses and objections.")

Federal Rule of Civil Procedure 12(b)(5) governs the dismissal of a case based on insufficient service of process. "[T]he party asserting the validity of service bears the burden of proof on that issue." *Nazario v. Garland,* No. 3:22-CV-1366, 2024 WL 69153, at *8 (M.D. Pa. Jan. 5, 2024) *quoting Grand Ent. Grp., Ltd. v. Star Media Sales, Inc.*, 988 F.2d 476, 488 (3d Cir. 1993). Where a motion to dismiss for lack of proper service of process is decided without an evidentiary hearing, plaintiff "had only to make a prima facie case of proper service in order to survive the motion." *Trueposition, Inc. v. Sunon, Inc.*, No. CIV A. 05-3023, 2006 WL 1686635, at *4 (E.D. Pa. June 14, 2006) *quoting United States v. Ziegler Bolt & Parts Co.*, 111 F.3d 878, 880 (Fed. Cir. 1997).

    **B.**    **RAD Wood Properly Served the Complaint By Hand on Gallegos Carrocerias Under Federal Rule of Civil Procedure 4(h)(1)B)**

Federal Rule of Civil Procedure 4 prescribes the manner in which service of process should be made. Fed. R. Civ. P. 4(h) governs service of process on corporations and provides, in relevant part: "Unless federal law provides otherwise or the defendant's waiver has been filed, a domestic or foreign corporation . . . must be served: (1) in a judicial district of the United States: (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant . . . ." *See Douglas v. Atrium Med. Corp.*, No. 3:23-CV-0747, 2023 WL 8643638, at *12 (M.D. Pa. Dec. 11, 2023), *report and recommendation adopted*, No. 3:23CV747, 2024 WL 4364950 (M.D. Pa. Sept. 30, 2024).

Here, as evidenced by the sworn Affidavit of Service, the Complaint was served personally on Gallegos Carrocerias, through its legal and compliance employee Jesus Garza. The Affidavit of Service specifically identifies Mr. Garza as an ***employee of Gallegos Carrocerias.*** *See* Dkt. No. 4 (stating that Complaint was delivered to "JESUS GARZA, LEGAL & COMPLIANCE EMPLOYEE FOR GALLEGOS CARROCERIAS GALLEGOS SA DE CV . . . .") It is clear from the Affidavit of Service that Jesus Garza represented himself to be an employee of Gallegos Carrocerias, authorized to accept service.[1]

Critically, by Defendant's own admission, the address where the Complaint was served, 101 Blueridge Parkway, Laredo, Texas 78045, ***is a business location of Gallegos Carrocerias.*** The website for Gallegos Carrocerias identifies three "locations" for the company, one in Laredo, Texas at the address where the Complaint was served (see Dkt. No. 4), and one on Blvd. Ejercito Mexicano in Gomez Palancio, Durango, Mexico, which is the address identified in the letter from counsel for Gallegos Carrocerias (see Dkt. No. 12):

---

[1] The Affidavit of Service refers to Mr. Garza being an employee of Gallegos Carrocerias "c/o Gallegos Trailers, Inc." Dkt. No. 4. Gallegos Trailers is an affiliate of Gallegos Carrocerias, which operates the same business, shares officers, shares the same website and holds itself out to the public as the same company as Gallegos Carrocerias. *See* 9-13, *infra.*



*See* https://gallegos.com.mx/ (translated). On its website, Gallegos Carrocerias claims that "our location in Texas provides us with a direct connection to international transportation routes, facilitating logistics for deliveries abroad." *Id.*

A "return of service by a private process server creates a rebuttable presumption that proper service was effectuated." *Nazario v. Garland*, No. 3:22-CV-1366, 2024 WL 69153, at *8 (M.D. Pa. Jan. 5, 2024) *quoting J & J Sports Prods., Inc. v. Graham*, 2014 WL 1340622, at *3 (E.D. Pa. 2014); *see also Closeout GroupA, Inc. v. Venator Elecs. Sales & Serv., Ltd.,* No. 07-5292, 2009 WL 2431448, at *3 (E.D. Pa. Aug. 6, 2009) (citations omitted) (defendant's unsupported assertion was insufficient to rebut presumption of proper service from affidavit of service). The letter from counsel for Gallegos Carrocerias (Dkt. No. 12) presents no evidence to rebut the Affidavit of Service. Defendant does not deny that Mr. Garza is an employee of Gallegos Carrocerias authorized to accept service of process, nor that the address where service was made is a business location of Gallegos Carrocerias.

The fact that Mr. Garza did not represent himself to be an officer, managing or general agent, or other agent authorized by appointment or by law to receive service of process does not undermine the service that was effected. Rule 4(h)(1) does not require rigid formalism, and there

7

are many cases where courts have exercised personal jurisdiction over defendants although service of process was delivered to someone other than the persons listed in the rule. *See, e.g., Kroetz v. AFT-Davidson Co.,* 102 F.R.D. 934, 938 (E.D.N.Y. 1984) (service was proper where employee represented himself as being authorized to receive process on behalf of the defendant and notified defendant of receipt of the summons and complaint); *Solospar, Inc. v. Equinox Fitness Ctr.*, 96 Civ. 9449, 1998 WL 307377 (S.D. N.Y. June 10, 1998) (same).

"The primary purpose of the federal process rule is to provide the defendant with notice that an action has been filed against it. Service therefore should be made upon a representative so integrated with the organization that he will know what to do with the papers. Generally, service is sufficient when made upon an individual who stands in such a position as to render it fair, reasonable and just to imply the authority on his part to receive service." *Montclair Elecs., Inc. v. Electra/Midland Corp.*, 326 F. Supp. 839, 842 (S.D.N.Y. 1971) (citations and quotations omitted).

Here, the Complaint was served on Defendant's "legal and compliance employee", at Defendant's business location and, as Defendant admits, it received notice of the Complaint. *See* Dkt. No. 12. It is reasonable to believe that a "legal and compliance employee" would provide notice to the Defendant of service of the Complaint. *Cole v. Halsted Fin. Servs., LLC,* No. 216CV754FTM99MRM, 2017 WL 1365463, at *2 (M.D. Fla. Apr. 14, 2017) (upholding validity of service on supervisor of corporation where it was "not unreasonable to justify a belief that a supervisor at Defendant would apprise Defendant that a suit is pending against it.") "Rule 4 is a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint and technical defects do not justify dismissal unless a party is able to demonstrate actual prejudice." *Constitutional Guided Walking Tours, LLC v. Independence Visitor Center Corp.*, 804

F. Supp. 2d 320, 324-25 (E.D. Pa. 2011) (internal quotations omitted).[2] Given these standards, service was properly made on Defendant at its business location and through its legal and compliance employee.

### C. Gallegos Trailers, Inc. Is So Interrelated With Gallegos Carrocerias That Service on Gallegos Trailers is Proper Service on Gallegos Carrocerias

The Court's Order of May 19, 2025 notes that the Affidavit of Service states that Mr. Garza was an employee of Gallegos Carrocerias "c/o Gallegos Trailers, Inc." *See* Dkt. No. 13. The reference to Gallegos Trailers does not undermine the propriety of service here. Gallegos Trailers is an affiliate of Gallegos Carrocerias that is so interrelated that service on Gallegos Trailers would properly serve Gallegos Carrocerias.

There are several circumstances under which, as a matter of law, service of process on one corporation can be valid service of process on another related corporation. "Principles of agency permit one corporation or business organization to be the agent of another institution so that service of process on an officer or on a managing or general agent of one organization can be valid service on another, and many cases so hold." Charles A. Wright and Arthur R. Miller, *Federal Practice and Procedure*, § 1104 (4th ed.). "It also is possible for two technically independent corporations to be so interrelated on an operating level that service on one as agent for the other will be upheld." *Id. See also Moore v. Lowe's Companies, Inc.*, No. 1:13-CV-00005-JHM, 2013 WL 1907488, at *3 (W.D. Ky. May 7, 2013) ("the nature of the relationship between a foreign parent corporation and a domestic subsidiary can cause the subsidiary to become the corporation's agent by law for the purpose of service of process."); *Lisson v. ING GROEP N.V.*, 262 Fed. Appx. 567, 570 (5th

---

[2] Should the Court find that Mr. Garza was not authorized to accept service on behalf of Defendant, RAD Wood requests that the Court extend the time for service and allow service to be made on Defendant's Laredo, Texas location in another manner. *See* 14-15, *infra*.

9

Cir.2007) ("In regard to foreign defendants, even if a domestic subsidiary is not explicitly authorized by its foreign parent corporation as an agent for service, the subsidiary might still be capable of receiving such service.") *Delta Constructors, Inc. v. Roediger Vacuum, GmbH*, 259 F.R.D. 245, 249 (S.D. Miss. 2009) ("[S]ervice of process can be properly effectuated on the domestic subsidiary of a foreign parent company "where the evidence shows that one is the agent or alter ego of the other.")

Here, while Gallegos Trailers may be separately incorporated, it operates the same business as Gallegos Carrocerias and presents itself as ***the same company as Gallegos Carrocerias.*** First, Gallegos Carrocerias and Gallegos Trailers share the same website. Gallegos Trailers' website is at: https://gallegosusatrailers.com/ This site contains two flags in the upper right corner, one a United States flag and one a Mexican flag.



Clicking on the Mexican flag on the Gallegos Trailers' website takes the user directly to the identical website for Gallegos Carrocerias, which is: https://gallegos.com.mx/

Both websites contain identical content (albeit in different languages), and that content makes clear that both entities are operating the same exact business. Both sites identify three

locations for the company, one in Laredo, Texas at the address where the Complaint was served (*see* Dkt. No. 4), and one on Blvd. Ejercito Mexicano in Gomez Palancio, Durango, Mexico, which is the address identified in the letter from counsel for Gallegos Carrocerias (*see* Dkt. No. 12). *See* 7, *supra.*

Importantly, the Gallegos Trailers website provides an email address to request a quote. That email address is contacto@gallegos.com.mx, which is an email address for Gallegos Carrocerias. Thus, persons wishing to do business with Gallegos Trailers, Inc. are directed to contact Gallegos Carrocerias:



Gallegos Trailers' website, under the heading "About Us", describes the company as follows: "Gallegos Trailers was founded by Mr. Perfecto Gallegos Montes in 1980 with the objective of offering repair and manufacturing services of new trailers to different transportation companies in the country. Throughout the years, the effort and dedication paid off until Gallegos

Trailers became the leading company in the manufacture of semi-trailers at a national and international level, standing out from the competition with innovative products at the forefront of technology." This reference describes the business of Gallegos Carrocerias, because Gallegos Trailers was not even incorporated until 2022. *See* Exhibit D. The same exact business description appears under the "About Us" heading on the website of Gallegos Carrocerias.

The Gallegos Trailers website identifies four plants for the company. *See* https://gallegosusatrailers.com/company/ The Gallegos Carrocerias website identifies the same four plants. https://gallegos.com.mx/empresa/

Both websites, including for Gallegos Carrocerias, contain the same promotional video. *Id.* At 1:10 of the video, the video identifies "offices in Laredo Texas." This is the office where service was effected.



The same exact video, narrated in English, appears on the website for Gallegos Trailers. https://gallegosusatrailers.com/company/

The links on the Gallegos Trailers' website for Instagram, Facebook, X and LinkedIn all lead to social media sites for Gallegos Carrocerias. There do not appear to be separate social media sites for Gallegos Trailers.

In addition, Gallegos Trailers and Gallegos Carrocerias share executives. According to a certification provided to the National Highway Transportation Authority, the owner of Gallegos Carrocerias is Gerardo Gallegos. *See* Exhibit E; *see also* Exhibit F (news article describing Gerardo Gallegos Salas as the general manager of Gallegos Carrocerias.) Gerardo Gallegos Salas is also the registered agent for service of process for **Gallegos Trailers.** *See* Exhibit G.  In addition, a LinkedIn profile for Carlos Salas identifies him as the CFO for "GRUPO GALLEGOS MEX AND USA." *See* Exhibit H.

It is clear from the available evidence that, despite being separately incorporated, Gallegos Carrocerias and Gallegos Trailers are closely intertwined. The two companies operate the same business, share the same business locations and plants, share officers and hold themselves out to the public through the same website. Critically, persons wishing to do business with Gallegos Trailers are directed to contact Gallegos Carrocerias.

Under similar circumstances, Courts have held that service on one interrelated entity constitutes proper service on a related entity. *Brighton Collectibles, Inc. v. Winston Brands, Inc.*, No. 11CV2191-GPC WMC, 2013 WL 394060, at *8 (S.D. Cal. Jan. 30, 2013) presents strikingly similar facts. In that case, there were two defendants: Urban Trend, LLC (a United States entity) and Urban Trend H.K. (an entity based in Hong Kong). Service of the Complaint was made on Urban Trend, LLC, and Urban Trend H.K. moved to dismiss under Fed. R. Civ. P. 12(b)(5). The

Court denied the motion and held that service on the United States entity was sufficient to serve the Hong Kong entity, based on the following facts: "They both share the same website. The website describes the two defendants collectively providing the same service and product. It states that Urban Trend is "headquartered in Hong Kong, with offices in Newport Beach, CA. In an October 12, 2009 article in Home World Business, Urban Trend LLC's President stated that the "U.S. branch of the business was opened in Newport Beach to handle sales and logistics and provide support to the design and manufacturing operation in Hong Kong." *Id.*

The same exact facts are present here. Gallegos Trailers and Gallegos Carrocerias share the same website. They share the same locations. The shared website touts the Laredo, Texas location as "provid[ing] us with direct connections to international transportation routes, facilitating logistics for deliveries abroad." https://gallegos.com.mx/ Indeed, the connections between the two entities are even stronger in this case. In *Brighton Collectibles,* the U.S. entity did not sell the same product that was at issue in the case. Here, both entities sell the same products, as evidenced by the fact that sales inquiries to Gallegos Trailers are directed to Gallegos Carrocerias. Thus, even if service were made on an employee of Gallegos Trailers, that would constitute proper service on Gallegos Carrocerias. *See also Dewey v. Volkswagen AG,* 558 F. Supp. 2d 505, 514 (D. N.J. 2008) (subsidiary of foreign automobile manufacturer was an agent by law of manufacturer for the purpose of service of process where "the subsidiary is doing business in the forum that would otherwise have to be done in the forum by the parent.")

Should the Court find that RAD Wood has not shown that Mr. Garza was not a proper representative to accept service under Rule 4(h)(1)(B), however, RAD Wood respectfully requests that the Court order: 1) that service on Gallegos Trailers, Inc. is sufficient to serve Gallegos Carrocerias, and; 2) permit RAD Wood an additional period of sixty (60) days to serve Gallegos

Trailers through other means authorized by Federal Rule of Civil Procedure 4. *See, e.g., Fordham v. Agusta Westland N.V.,* No. CIV.A. 06-CV-3915, 2007 WL 136329, at *2 (E.D. Pa. Jan. 11, 2007) ("When reviewing a motion to dismiss for insufficient service of process under Federal Rule of Civil Procedure 12(b)(5), the Court has broad discretion to either dismiss the plaintiff's complaint for failure to effect service or to simply quash service of process. However, dismissal of a complaint is inappropriate when there exists a reasonable prospect that service may yet be obtained.") (citations and quotations omitted)

> D. **In the Alternative, the Court Should Authorize Alternate Service Under Fed. R. Civ. P. 4(f)(3)**

In the alternative, RAD Wood moves pursuant to Federal Rule of Civil Procedure 4(f)(3) for an order approving alternate service of the Complaint by email on counsel for Gallegos Carrocerias.

Rule 4(f) governs service of process upon individuals in foreign countries. As relevant here, the Rule provides for service: . . . "(3) by other means not prohibited by international agreement, as the court orders." Rule 4(h)(2) authorizes service of process on corporations outside the United States in the manner provided by Rule 4(f). Whether to allow an alternative method of serving process is committed to the district court's sound discretion. *See, e.g., Marks v. Alfa Grp.*, 615 F. Supp. 2d 375, 377 (E.D. Pa. 2009).

"Alternative service is regularly permitted where (a) there is no international agreement prohibiting service by the proposed method; (b) the proposed method of service is reasonably calculated to provide the defendant notice; and (c) [the plaintiff has] made a good faith effort to locate and serve defendants by traditional means." *Werremeyer v. Shinewide Shoes, Ltd.*, No. CV1910228MASLHG, 2021 WL 3291683, at *3 (D. N.J. July 31, 2021). "Any alternative method

of service completed pursuant to Rule 4(f)(3) must comport with due process requirements. Due process is satisfied when the alternative method of service provides notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections. *Sunline USA LLC v. Ezzi Grp., Inc.,* No. CV 22-1650-KSM, 2022 WL 3691021, at *3 (E.D. Pa. Aug. 25, 2022) (citations and quotations omitted). "[C]ourts have granted motions for alternative service when the movant has shown that there is no international agreement prohibiting service by the proposed method, that the proposed method of service is reasonably calculated to provide the defendant notice, and that the movant has made a good faith effort to locate the defendant." *Id.*[3]

Here, serving the Complaint by email on counsel for Defendant would comport with due process. First, Courts routinely hold that service by email comports with due process under Rule 4(f)(3). *See, e.g., Henry F. Teichmann, Inc. v. Caspian Flat Glass OJSC,* No. 2:13-CV-458, 2013 WL 1644808, at *2 (W.D. Pa. Apr. 16, 2013) ("alternate service via email in this instance comports with constitutional notions of due process because the method of service in this case provides 'notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'") *quoting Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S. Ct. 652, 94 L. Ed. 865 (1950).

Second, there is no international agreement prohibiting service of process by email in Mexico. *See, e.g., Flickinger v. Castillo*, No. 24-CV-02915-SVK, 2025 WL 1043541, at *5 (N.D.

---

[3] There is no requirement that a plaintiff attempt service by any other means, including through the Hague Convention, prior to serving under Rule 4(f)(3). *See, e.g., Crockett v. Luitpold Pharms., Inc.,* No. CV 19-276, 2020 WL 4039046, at *2 (E.D. Pa. July 17, 2020) (collecting cases).

Cal. Apr. 8, 2025) (service of process in Mexico by email is not prohibited by international agreement); *Yeti Coolers, LLC v. Individuals, Bus. Entities & Unincorporated Associations Identified on Schedule "A"*, No. 23-61190-CIV, 2023 WL 5659522, at *1 (S.D. Fla. July 24, 2023) (same).

 Finally, the facts of this case demonstrate that service by email on Defendant's counsel is entirely consistent with due process and Rule 4. Defendant clearly authorized its counsel to communicate with the Court regarding service of process. Counsel's letter makes clear that Defendant is aware, at a minimum, of the lawsuit and the attempt at service. *See* Dkt. No. 12. Moreover, counsel admits that he has a professional relationship with Defendant that is broader than just this case. *Id.* And, Defendant's counsel provided an email address in his letter to be used "for any further comments or questions regarding these requests . . . ." *Id.*

 Moreover, it is clear that the letter from Defendant's counsel was disingenuous in attempting to deny that proper service was made. Defendant's counsel claims that "our client has no means to review what was previously delivered at said Laredo address instead of their Mexican address." *Id.* But, as set forth above, Defendant's own website identifies the Laredo address as one of **Defendant's** business locations. *See* 7, *supra.* This statement also ignores the fact that the Complaint was served on an individual who identified himself as Defendant's employee, and the fact that a copy of the Complaint was emailed to two of Defendant's employees in Mexico when it was filed.

 "Service of process is not intended to be a game of hide and seek or cat and mouse." *Carillo v. Hagerty*, No. 3:05CV1417 (MRK), 2006 WL 2165679, at *1 (D. Conn. July 31, 2006) (citations omitted). Under the circumstances presented in this case, service on counsel by email comports with due process. *See, e.g., UM Techs., Inc. v. Hilts Glob. (Cayman) Ltd.,* No. 3:17-CV-1998, 2019

17

WL 1906266, at *1 (M.D. Pa. Apr. 3, 2019), *report and recommendation adopted sub nom. UM Techs., LLC v. Hilts Glob. (Cayman) Ltd.*, No. 3:17-CV-1998, 2019 WL 1897684 (M.D. Pa. Apr. 29, 2019) ("Cases construing Rule 4(f)(3) have held that the rule authorizes courts to permit service of a complaint upon a recalcitrant foreign party by email, particularly when it is evident that the foreign defendant has actual knowledge of the pending lawsuit but has simply avoided service through other means."); *Martinez v. White,* No. C 06-1595 CRB, 2006 WL 2792874, at *3 (N.D. Cal. Sept. 28, 2006) ("In light of defendant's ... refusal to accept service of process, the Court concludes that an order pursuant to Rule 4(f)(3) directing that service of the summons and complaints in these matters be made on defendant's attorney ... is warranted.").

### IV. CONCLUSION

For the aforementioned reasons, Plaintiff, RAD Wood Products, LLC, respectfully submits that service of process was properly made in this case, or that alternate service should be authorized under Federal Rule of Civil Procedure 4(f)(3).

Dated: June 2, 2025                                     Respectfully submitted,

*/s/ Gerald E. Burns*
Gerald E. Burns (PA ID No. 59466)
**BUCHANAN INGERSOLL & ROONEY PC**
Two Liberty Place
50 South 16th Street, Suite 3200
Philadelphia, PA 19102-2555
Telephone: (215) 665-8700
gerald.burns@bipc.com
*Attorneys for Plaintiff, RAD Wood Products, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 2nd day of June, 2025, a copy of the foregoing and Plaintiff's Memorandum of Law Supporting Service of Process and in Support of Alternative Motion Authorizing Service Under Federal Rule of Civil Procedure 4(F)(3) was served upon Defendant, Gallegos Carrocerias Gallegos SA DE CV via USPS First Class Mail Postage Prepaid at the following address:

Gallegos Carrocerias Gallegos SA DE CV
c/o Gallegos Trailers, Inc.
101 Blue Ridge Parkway
Laredo, TX 78045

And by email to:

ogaona@interlps.com

*/s/ Gerald E. Burns*
Gerald E. Burns (PA ID No. 59466)
**BUCHANAN INGERSOLL & ROONEY PC**
Two Liberty Place
50 South 16th Street, Suite 3200
Philadelphia, PA 19102-2555
Telephone: (215) 665-8700
gerald.burns@bipc.com
*Attorney for Plaintiff, RAD Wood Products, LLC*