THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

RAD WOOD PRODUCTS, LLC,           :
                                  :
                  Plaintiff,      :        3:24-CV-1028
        v.                        :        (JUDGE MARIANI)
                                  :
GALLEGOS CARROCERIAS              :
GALLEGOS SA DE CV                 :
                                  :
                  Defendant.      :

## MEMORANDUM OPINION

Presently before the Court are two motions filed by Plaintiff RAD Wood Products, LLC ("Plaintiff").  In the first motion, Plaintiff seeks a default judgment against Defendant Gallegos Carrocerias Gallegos SA DE CV ("Defendant").  (Doc. 9).  Alternatively, Plaintiff moves for an order authorizing service via email under Federal Rule of Civil Procedure 4(f)(3).  (Doc. 14).  For the reasons that follow, both motions will be denied without prejudice.

## I.    FACTUAL BACKGROUND

On June 21, 2024, Plaintiff filed a complaint (the "Complaint") against Defendant alleging a single count of breach of contract.  (Doc. 1).  Plaintiff subsequently filed an affidavit of service, (Doc. 4), moved for an entry of default, (Doc. 5), and the Clerk of Court entered default pursuant to Federal Rule of Civil Procedure 55(a).  (Doc. 6).  On January 7, 2025, Plaintiff filed the instant motion for default judgment seeking damages of $6,353,577.71.  (Doc. 9 at 1).

Upon review of Plaintiff's motion for default judgment, the Court issued the following

Order on May 19, 2025:

> On June 21, 2024, Plaintiff filed a Complaint against Defendant, a Mexican corporation with its principal place of business in Mexico, alleging a single count of breach of contract. (Doc. 1). On August 19, 2024, Plaintiff purported to file an Affidavit of Service. (Doc. 4). The Affidavit of Service appears to show that a Roberto Flores served the summons and complaint in Laredo, Texas on "Jesus Garza, Legal & Compliance Employee" for Defendant "*c/o Gallegos Trailers, Inc.*" (*Id.*) (emphasis added). Neither the Complaint nor the contract attached thereto alleged that Gallegos, Trailers, Inc., a Texas Corporation, is a party to any contract with Plaintiff. Nor does the Complaint allege any facts showing that Gallegos, Trailers, Inc. is authorized to accept service on behalf of Defendant, a Mexican entity and the party to the contract upon which Plaintiff brings suit. Indeed, neither the Complaint and contract attached thereto nor any affidavit filed by Plaintiff appears to show **any** relationship between Defendant and the Texas entity purportedly served with process on behalf of Defendant.
>
> **AND NOW, THIS 19th DAY OF MAY 2025**, IT IS HEREBY ORDERED THAT:
> 1. Plaintiff is directed to file a brief and any supporting documentation **within fourteen (14) days of the date of this Order**, setting forth why service of process was proper under the Federal Rule of Civil Procedure, the Hague Convention, and due process.
> 2. The brief shall include specific references to the subsection(s) of Federal Rule of Civil Procedure 4 upon which Plaintiff alleges service of process was proper, and further address why service pursuant to the Hague Convention should not govern this action.

(Doc. 13). Plaintiff timely replied, (Doc. 14), and set forth arguments why service was

proper. (Doc. 14-1). In the alternative, Plaintiff moves pursuant to Federal Rule of Civil

Procedure 4(f)(3) for an order authorizing alternative service—namely, service on

Defendant through its foreign counsel located in Mexico. Notably, Plaintiff failed to address

"why service pursuant to the Hague Convention should not govern this action."[1]  (Doc. 13, ¶ 2).

## II.    ANALYSIS

### A.    Plaintiff is Not Entitled to Default Judgment

Default judgments are governed by Federal Rule of Civil Procedure 55.  "Three factors control whether a default judgment should be granted:  (1) prejudice to the plaintiff if default judgment is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct."  *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000) (citations omitted).  However, "[a] district court may not enter a default judgment unless it is satisfied that it has personal jurisdiction over the defendant."  *Pars Tekstil Sanayi Tic, A.S. v. Dynasty Designs, Inc.*, 2008 WL 3559607, at *1 (E.D. Pa. Aug. 13, 2008).  "A prerequisite to the court's acquiring personal jurisdiction over the defendant is the proper service on the defendant of the summons and complaint."  *Id.* (citing *Grand Entmn't Grp., Ltd. v. Star Media Sales, Inc.*, 988 F.2d 476, 492 (3d Cir. 1993)).  The Third Circuit has made clear that it "does not favor entry of defaults or default

---

[1]    The Hague Convention is also known as The Convention on Service Abroad of Judicial and Extrajudicial Documents in Civil and Commercial Matters, Nov. 15, 1965, 20 U.S.T. 361, T.I.A.S. No. 6638. The Court will refer to this treaty as the "Hague Service Convention."  Both the United States and Mexico are parties to the Hague Service Convention.  *See Compania de Inversiones Mercantiles, S.A. v. Groupo Cementos de Chihuahua S.A.B. de C.V.*, 970 F.3d 1269, 1293 (10th Cir. 2020) ("Both Mexico and the United States are signatories to the Hague Service Convention.").  "The purpose of that multilateral treaty is to simplify, standardize, and generally improve the process of serving documents abroad."  *Water Splash, Inc. v. Menon*, 581 U.S. 271, 273 (2017).

3

judgments." *United States v. Mulvenna*, 367 Fed. App'x 348, 350 (3d Cir. 2010) (citations omitted). Moreover, "the party asserting the validity of service bears the burden of proof on that issue." *Grand Entmn't Grp.*, 988 F.2d at 488.

Plaintiff alleges that Defendant was properly served with process, "[a]s a matter of law," pursuant to Federal Rule of Civil Procedure 4(h)(1)(B). (Doc. 14-1 at 2 ). "Rule 4(h)(1) provides two ways to serve a corporation within a judicial district of the United States: either in a way prescribed by Rule 4(e)(1) for serving an individual *or* by delivering a copy of the summons and complaint to an 'officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." *Miller v. Aldecocea*, 2023 WL 4534591, at *4 (E.D. Pa. July 13, 2023) (emphasis supplied) (quoting Fed. R. Civ. P. 4(h)(1)(B)). Plaintiff does not identify any state law in Pennsylvania or Texas governing service. Fed. R. Civ. P. 4(h)(1)(A). Instead, Plaintiff relies exclusively on Federal Rule of Civil Procedure 4(h)(1)(B) to support its assertion that Defendant was properly served with process. The "Third Circuit has held an individual who is physically present at a business location does not constitute by default an officer or agent." *Miller*, 2023 WL 4534591, at *4 (citing *Gabros v. Shore Med. Ctr.*, 724 Fed. App'x 119, 122 (3d Cir. 2018)).

It is apparent to the Court that Plaintiff has not met its burden of proving Defendant was served pursuant to Rule 4(h)(1)(B). There are simply no facts alleged in the Complaint, the exhibits attached to Plaintiff's motions, or any declaration or affidavit that Jesus Garza, an alleged "Legal & Compliance Employee" for Defendant, was authorized to accept service

on Defendant's behalf "care of" the separately incorporated entity Gallegos Trailers, Inc. (Doc. 4).   And nothing in the current record convinces the Court otherwise.  *See Anderson v. Local 435 Union*, 791 Fed. App'x 328, 331 (3d Cir. 2019) ("[W]e conclude that the District Court did not abuse its discretion in denying a default judgment, as the record is bereft of any evidence that the attorney that Anderson initially served was an officer, a managing or general agent, or an [] agent authorized … to receive service of process.") (citations and quotation marks omitted); *see also Gabros*, 724 Fed. App'x at 122 ("The record is bereft, however, of any evidence that either [person served] was 'an officer, a managing or general agent, or an[] … agent authorized … to receive service of process.'") (quoting Fed. R. Civ. P. 4(h)(1)(B)); *Miller*, 2023 WL 4534591, at *4 ("The record is devoid of any evidence that [person served] was an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process, and Plaintiff has not provided any affidavits, depositions, or oral testimony to show otherwise.  Thus, service did not conform with Rule 4(h)(1)(B)."); *Pars Tekstil*, 2008 WL 3559607, at *2 ("For similar reasons, the court cannot find that service was proper under Federal Rule 4(h)(1)(B).  The form submitted does not claim that the person served was an officer, managing or general agent, or any other agent authorized by appointment or by law to receive service.").  Put simply, this Court "cannot presume the validity of service, and it is Plaintiffs' burden to demonstrate that service was properly effectuated."  *Laborers' Combined Fund of Western Pennsylvania v.*

*Penn Landscaping & Cement Work*, 2023 WL 5308092, at *2 (W.D. Pa. Aug. 17, 2023) (citations omitted).

Plaintiff claims that service was properly made by serving Defendant through its alleged United States based "affiliate or distributor." (Doc. 14-1 at 2). Specifically, Plaintiff claims that "Gallegos Trailers is an affiliate of Gallegos Carroceria that is so interrelated that service on Gallegos Trailers would properly serve Gallegos Carrocerias." (*Id.* at 9). Plaintiff notes that while both are independent legal entities, Gallegos Trailers "operates the same business, shares officers, shares the same website and holds itself out to the public as the same company as Gallegos Carrocerias." (*Id.* at 14-1 at 6 n.1, 9-13). This evidence, which is unaccompanied by any declaration or affidavit, does not establish that Defendant was properly served with process pursuant to Federal Rule of Civil Procedure 4(h)(1)(B).

As alleged in the Complaint, Defendant is a Mexican corporation with its principal place of business in Mexico. (Doc. 1, ¶ 4). Its address in Mexico is not unknown to Plaintiff. (*Id.*); (Doc. 9-3 at 2). Moreover, nowhere in the Complaint or the documents attached to Plaintiff's motions are any allegations that Defendant (rather than the separately incorporated entity Gallegos Trailers, Inc.) is located within the United States. Nor are there sufficient allegations or evidence that Gallegos Trucking is so closely related to Defendant such that service on one constitutes service on the other. There is no evidence that Jesus Garza, an alleged Legal & Compliance Employee for Defendant, who was allegedly served "c/o Gallegos Trailers, Inc.," a separately incorporated Texas entity, was an officer, a

managing or general agent, or an agent authorized to receive service for Defendant, or that Jesus Garza had the authority to receive service of process on behalf of Defendant. *See Bouchard v. U.S. Airways*, 2012 WL 28225, at *1 (W.D. Pa. Jan. 5, 2012) (finding "no evidence" that person served "had actual authority or held himself out as having any authority to accept service").

In *United States ex rel. Thomas v. Siemens AG,* 708 F. Supp. 2d 505, 518-19 (E.D. Pa. 2010), Judge Savage rejected the plaintiff's argument that "Siemens Corporation and SMS should be deemed Siemens AG's agents for service of process purpose, making service on either Siemens Corporation or SMS service on Siemens AG." *Siemens AG*, 708 F. Supp. 2d at 518. The court found that the plaintiff "has not made a showing that Siemens AG and its domestic subsidiaries are so closely related that service upon one can constitute service on the other. Nor has he invoked any state laws governing service of process on foreign corporations." *Id.* at 518-19. In reaching its decision, the court found that for service to be effective, "the agent must have been actually appointed by the defendant for the specific purpose of receiving process." *Id.* at 519. "Mere delivery of process to, or receipt of process by, a purported agent of the party to be served is insufficient to demonstrate an agency relationship for the purpose of service of process. Additionally, the parent-subsidiary relationship alone does not establish agency, making service on one service on the other if the two maintain separate identities." *Id.* Therefore, Judge Savage concluded that because plaintiff "has not submitted any evidence that he served an authorized agent of

Siemens AG, he has not complied with the service requirements of Rule 4(h)(1)(B)." *Id.* at

520.  The same logic applies here, and, accordingly, Plaintiff's motion for default judgment

will be denied without prejudice.[2]

### B.    Motion for Alternative Service

In the alternative, Plaintiff seek an order authorizing service by email on Defendant's

foreign counsel located in Mexico.  (Doc. 14-1 at 15-18).  The Court declines to exercise its

discretion and permit service by email at the time.  Plaintiff is asking this Court to approve

the transmission of judicial documents for service abroad via email to Defendant's foreign

counsel located in Mexico.  At this stage of the litigation, the Court declines to do so.  *See*

*Sec. & Exchange Comm. v. Lahr*, 2024 WL 3518309, at *5 (3d Cir. July 24, 2024)

("Because Megas's address was known, the Convention applied, so we consider whether

the email service here was proper under the Convention and conclude that it was not.").

That is particularly true where, as here, Plaintiff has not and it appears does not wish to

attempt to comply with the Hague Service Convention, despite knowing the address of

Defendant's principal place of business in Mexico.  *See Volkswagenwerk Aktiengesellschaft*

*v. Schlunk*, 486 U.S. 694, 705 (1988) ("Thus compliance with the Convention is mandatory

in all cases to which it applies."); *see also Lahr*, 2024 WL 3518309 at *5.  Moreover, there is

---

[2]     To the extent Plaintiff claims that Defendant has actual notice of this litigation, that is of no consequence as to proper service.  *See Walker v. Pennsylvania Office of Admin.*, 2023 WL 8179274, at *1 n.3 (3d Cir. Nov. 27, 2023) ("The fact that the defendants have actual notice does not excuse Walker from properly serving them under Rule 4.") (citations omitted).  Moreover, there is little, if any, prejudice to Plaintiff as it simply must properly serve the Defendant in accordance with the Federal Rules of Civil Procedure.

no evidence before the Court that Defendant is actively evading service and Plaintiff only made a single attempt to serve Defendant through a separate entity in Texas on a person not authorized to receive service on behalf of Defendant.  Furthermore, this litigation is less than a year old.  Accordingly, the Court will exercise its discretion and will deny without prejudice Plaintiff's motion for alternative service pursuant to Rule 4(f)(3).[3]  *See D Squared Plant Traps LLC v. Guangdong Bixing Trading Co., Ltd.*, 716 F. Supp. 3d 352, 357 (W.D. Pa. 2024) (denying Rule 4(f)(3) motion for alternative service on foreign corporation where "(1) plaintiff acknowledges it has not attempted service through China's Central Authority; (2) China has objected, among other things, to service via postal channels; and (3) plaintiff has knowledge of defendant's address.").  Plaintiff makes no claim that it attempted service

---

[3]     The cases relied on by Plaintiff to support its motion for alternative service via email are inapposite. For example, in *Sunline USA LLC v. Ezzi Group, Inc.*, 2022 WL 3691021 (E.D. Pa. Aug. 25, 2022), the court approved service by email on the defendant's "U.S. Counsel," *id.* at *3, not on foreign counsel as Plaintiff seeks here.  Similarly, in *Crockett v. Luitpold Pharmaceuticals, Inc.*, 2020 WL 4039046 (E.D. Pa. July 17, 2020), the Court approved service by email on defendant's U.S. counsel, not foreign counsel.  In *Henry F. Teichmann, Inc. v. Caspian Flat Glass OJSC*, 2013 WL 1644808 (W.D. Pa. Apr. 16, 2013), the court approved service by email upon the Russia based defendant where "the record demonstrates that the Central Authority of the Russian Federation denies all requests for service of process originating from the United States." *Id.* at *1.  And two cases relied on by Plaintiff to support its assertion that service of process via email in Mexico is permissible are out of Circuit district court cases that do not bind this Court and do not change the Court's opinion that service via email is inappropriate and not warranted at this stage of the litigation.  *See Flickinger v. Castillo*, 2025 WL 1043541 (N.D. Cal. Apr. 8, 2025); *see also Yeti Coolers, LLC v. Individuals, Bus. Entities & Unincorporated Ass'ns Identified on Schedule A*, 2023 WL 5659522 (S.D. Fla. June 24, 2023). In *Flickinger*, the magistrate judge approved service by email on individuals located in Mexico but noted that the plaintiff "does not seek any relief with respect to the Mexican government entities for whom, as Plaintiff represents, service is underway through the Hague Service Convention." *Id.* at *4.  The court allowed service by email on the individual defendants located in Mexico. It did so after acknowledging "the difficulties Plaintiff has had in serving the individual Mexican Defendants and the added specificity in Plaintiff's attempt to contact the various defendants," finding "its intervention is necessary at this juncture." *Id.* at *5.  Plaintiff is not similarly situated and has not shown any difficulties with serving Defendant at its known location in Mexico.

on Defendant through Mexico's Central Authority. Moreover, Plaintiff has knowledge of Defendant's address in Mexico and Mexico has objected to service via postal channels.[4] See id.; see also Lahr, 2024 WL 3518309, at *5.

Finally, if Plaintiff choose to continue with another attempt to serve Defendant through Gallegos Trailers in Texas, they must first show good cause why service was not completed within 90 days of filing the Complaint. See Fed. R. Civ. P. 4(m) ("If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against the defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. . . ."). And Plaintiff must submit far more evidence than what it has so far identified in its brief in support (which did not include any declaration or affidavit attached thereto). (Doc. 14-1). To the extent that Plaintiff seek to comply with the procedures set forth in the Hague Service Convention, the Court notes that Rule 4(m) by its terms does not contain any time limitation for service abroad, although Courts in this Circuit have imposed some time limitations.[5] See

---

[4]        See United States Department of State, Bureau of Consular Affairs, https://travel.state.gov/content/travel/en/legal/Judicial-Assistance-Country-Information/Mexico.html/ (last visited June 18, 2025) ("Mexico formally objected to service under Article 10 of the Hague Service Convention, and does not permit service via postal channels. While cases have been reported where U.S. courts have accepted alternative methods of service, Mexico's accession to the Hague Service Convention indicates that service through the Mexico Central Authority is the exclusive method available.").

[5]        See Allstate Ins. Co. v. Funai Corp., 249 F.R.D. 157 (M.D. Pa. 2008) (holding Rule 4(m), which extends the time limit for service abroad, did not apply where plaintiff has not made any attempt at foreign service within Rule 4(m)'s timeframe); see also Siemens AG, 708 F. Supp. 2d at 522 (although Rule 4(m)'s

Fed. R. Civ. P. 4(m) ("This subdivision (m) does not apply to service in a foreign country under Rule 4(f), 4(h)(2), or 4(j)(1)…").  In any event, Plaintiff will be directed to further show good cause for failure to serve the Defendant in the twelve-month period since this litigation initiated.  On the current record, Plaintiff is not entitled to a default judgment and the Court will not exercise its discretion to permit service via email on Defendant's counsel in Mexico.

### III.    CONCLUSION

For the foregoing reasons, Plaintiff's motions, (Doc. 9, 14), will be denied without prejudice.  The Court will direct the Clerk of Court to vacate the entry of default against Defendant, (Doc. 6), and further order Plaintiff to show cause why it failed to comply with Federal Rule of Civil Procedure 4(m).  A separate Order follows.

Robert D. Mariani
United States District Judge

---

time limit "does not apply to service on a foreign corporation, that does mean that the time to effectuate service is unlimited") (collecting cases).